IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DISTRICT
Civil Action No. 5:20-cv-00689-D

| | |
|---|---|
| ALFREDA WARREN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **CONSENT PROTECTIVE ORDER** |
| WAKEMED D/B/A/ WAKEMED HEALTH | ) |
| & HOSPITALS, | ) |
| | ) |
| Defendant. | ) |

This case is before this Court on the parties' joint motion for entry of a protective order under Rule 26(c) of the Federal Rules of Civil Procedure. This action arises out of Plaintiff Alfreda Warren's ("Warren") employment with Defendant WakeMed ("WakeMed"). Warren alleges a claim for race discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2(a)(1). Specifically, Warren alleges that she was employed with WakeMed for many years, that she had a verbal argument with a co-worker on or about November 6, 2019, and that her employment was terminated because of her race in violation of Title VII. WakeMed has answered and denies that it discriminated against Warren or terminated her because of her race in violation of Title VII. Warren seeks monetary relief, including punitive damages. WakeMed denies all liability and denies that Warren is entitled to any relief. Because of the nature of the factual issues involved in this action, the parties anticipate that discovery will include the production and disclosure by the parties and by third-parties of information that may be confidential or proprietary, including without limitation medical records, employment records, or financial records.

Accordingly, good cause exists for the entry of this Consent Protective Order. Therefore, until further order of this Court, it hereby is ordered that the parties shall follow the procedures set forth below with respect to information, documents, testimony, or tangible things produced or otherwise disclosed in this litigation:

1. For purposes of this Order, "CONFIDENTIAL Information" shall mean any information, documents, testimony, or tangible things ("Information") furnished in the course of this litigation that is (i) regarded by a party as confidential information (including proprietary data, trade secrets, other valuable or commercially sensitive information, confidential information concerning parties, witnesses, and persons not party to this action, and otherwise confidential information) and (ii) designated as "CONFIDENTIAL" pursuant to the procedures set forth below. The term may include Information obtained by any party from a third party via subpoena, deposition, or other discovery. The term "documents" shall be broadly construed to include information that is recorded in any form, including but not limited to hard copy, electronically stored information, and audio and video recordings.

2. "CONFIDENTIAL" designations shall be made as follows:

    a. Information shall be designated CONFIDENTIAL within the meaning of this Order in the following ways:

        i. In the case of documents that are produced by any party, designation shall be made by placing on each page of the document the legend CONFIDENTIAL.

        ii. In the case of documents that are obtained by subpoena or other discovery from third parties, the documents automatically shall be deemed CONFIDENTIAL Information upon receipt, and the receiving party shall furnish copies thereof to all parties within fifteen business days. All parties then shall have ten calendar days after receipt within which to formally designate any documents as CONFIDENTIAL Information by communicating that

designation to all other parties in writing. If no party designates any such document as CONFIDENTIAL within said ten-day period, then the CONFIDENTIAL designation will terminate.

    iii. In the case of responses to interrogatories and requests for admission, including the information contained therein, designation shall be made by placing on the pages containing the CONFIDENTIAL Information the legend CONFIDENTIAL.

    iv. In the case of deposition testimony, a party may designate, on the record, those portions of a deposition that party believes contain CONFIDENTIAL Information. If designation of CONFIDENTIAL Information is made, those portions of the deposition involving such CONFIDENTIAL Information will be taken with no one present except those persons who are authorized to have access to such CONFIDENTIAL Information under this Order. A witness whose deposition is being taken may see any document identified as CONFIDENTIAL if the witness is within the category of persons entitled to see that type of Information pursuant to the provisions described below in subsection 3(a). Any party shall have fifteen business days after the receipt of the deposition transcript to inform the other parties to the action in writing of the portions of the transcript (by specific page and line reference) to be designated as CONFIDENTIAL. Prior to such designation or the expiration of the fifteen-day period, the entire deposition transcript shall be deemed CONFIDENTIAL Information.

    v. In the case of electronically stored information that is produced as a computer file or otherwise in a native format, designation may be made by including the word "CONFIDENTIAL" in the filename of each file so designated, by segregating the information so designated into folders or other distinct storage containers that are clearly named and/or labeled "CONFIDENTIAL," or by any other method the parties agree to in writing for designating such Information as CONFIDENTIAL.

vi. In the event that the above methods of designating Information as CONFIDENTIAL prove infeasible with respect to a specific category or type of Information, the parties may agree in writing to an alternative method for designating such Information as CONFIDENTIAL.

b. The parties agree to designate Information as CONFIDENTIAL on a good faith basis and not for purposes of harassing the other parties or for purposes of unnecessarily restricting the other parties' access to information concerning the lawsuit.

3. The following restrictions apply to Information designated as CONFIDENTIAL:

a. <u>CONFIDENTIAL Information</u>: Disclosure of Information designated CONFIDENTIAL, including summaries thereof, shall be limited to the Court; court reporters and videographers of sworn proceedings; the parties' counsel of record and the employees of such counsel who are assisting with this matter; Defendant's in-house counsel and the employees assisting such in-house counsel with this matter; Defendant's officers, directors, and managers; Plaintiff; and to the following persons, who shall be required first to execute a written declaration, in the form attached hereto as Exhibit A: (i) consultants or experts retained by the parties to consult or testify in the case, but only to the extent the information is necessary for the consultation work or to prepare to testify; (ii) services retained by the parties to photocopy or image documents or to prepare charts, summaries, timelines, illustration, or other demonstrative materials to be used in the litigation; and (iii) witnesses and prospective witnesses to the extent deemed necessary by the parties to prepare for or give testimony regarding facts at issue in this litigation. The originals of all signed declarations shall be maintained by the party who procures the signature throughout the duration of this litigation, including all appeals.

b. All Information that is designated CONFIDENTIAL under this Order shall be kept confidential and shall not be given, shown, made available, discussed or otherwise

communicated in any manner ("disclosed"), either directly or indirectly, to any person not authorized to receive the Information under the terms of this Order.  CONFIDENTIAL Information received by any authorized person shall be used only for purposes of this litigation.

4. No person or party shall directly or indirectly use or disclose any CONFIDENTIAL Information for any purpose other than the prosecution or defense of this action, including any appeals and retrials thereof, and such use or disclosure must be in compliance with this Order.

5. Before filing any information that has been designated "CONFIDENTIAL INFORMATION" with the Court, or any pleadings, motions or other papers that disclose any such information, counsel shall confer with counsel for the party that produced the information so designated about how it should be filed.  If the party that produced the information so designated desires that the materials be filed under seal, then the filing party shall file the materials in accordance with Local Civil Rule 79.2, EDNC, with notice served upon the producing party.  The filing of the materials under seal shall not be binding on the Court, however.  Within 10 days of service of such notice, the party desiring that the materials be maintained under seal shall file with the Court a Motion to Seal and supporting memorandum of law specifying the interests which would be served by restricting public access to the information.  The party that initially filed the materials need not file any such Motion to Seal or otherwise defend another party's desire that the materials remain sealed.  The Court will grant the Motion to Seal only after providing adequate notice to the public and opportunity for interested parties to object, after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents and records, and upon finding that the interests advanced by the movant override any common law or constitutional right of public access which may attach to the information.  Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling.  If

the party desiring that the information be maintained under seal does not timely file a Motion to Seal, then the materials will be deemed unsealed, without need for order of the Court.

6. The parties and their attorneys shall inform all witnesses, consultants, employees, agents, court reporters, and anyone else who has or had access to any material designated CONFIDENTIAL Information of the substance of this Order.

7. Acceptance or receipt by any party of any Information designated CONFIDENTIAL shall not constitute a concession that the Information is properly so designated. If any party disagrees with the designation of Information as CONFIDENTIAL, the party first shall try to resolve such dispute on an informal basis through consultation with the designating party. If agreement cannot be reached, then the party opposing the designation may present such dispute to the Court by motion, but the designation shall be respected pursuant to the terms of this Order until the Court rules on the motion. In the resolution of such matter, the burden of establishing confidentiality shall be on the party who made the claim of confidentiality. Notwithstanding the designation or non-designation of any Information as CONFIDENTIAL, the parties reserve their right to seek relief regarding material that they believe was illegally obtained, including, but not limited to, the return of the material and/or damages for misappropriation or unauthorized use.

8. If, through inadvertence, a party produces any Confidential Information without designating it as CONFIDENTIAL or fails to timely designate documents or testimony provided by a third party as CONFIDENTIAL, the party may, as soon as reasonably practical, inform the other parties of the intended CONFIDENTIAL designation, and all parties shall treat such Information as CONFIDENTIAL Information under this Order. To the extent that any party already has disclosed this Information, that party promptly shall notify the designating party as to the specific recipients of such Information and shall take all reasonable steps to retrieve such

Information from said recipients unless they otherwise are entitled to disclosure under this Order, and to prevent further disclosure of such Information.

9. If any Information designated CONFIDENTIAL is disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the designating party and, without prejudice to any other rights and remedies of the parties, make every effort to prevent further disclosure by it or by the person who was the recipient of such Information.

10. This Order shall be without prejudice to the right of any party to oppose production of any Information on grounds other than confidentiality.

11. This Order shall not prevent any party from applying to the Court for relief herefrom, from applying to the Court for further or additional protective orders, or from agreeing with the other parties to modify or vacate this Order, subject to the approval of the Court.

12. Nothing in this Order shall prevent or limit a party from using or disclosing its own documents or information or any documents or information it obtains outside the discovery process in this action.

13. Within thirty days of the conclusion of this action, including any appeals, all Information designated as CONFIDENTIAL by a party pursuant to this Order, and all copies thereof, shall be destroyed by all other parties, except that counsel for each party is entitled to keep copies of notes, pleadings, discovery, and correspondence, and any attachments or exhibits thereto, including CONFIDENTIAL Information, used in this litigation in a secure storage area subject to the terms of this Consent Order. Upon request from the designating party, any other party shall confirm such destruction in writing to the designating party within five business days.

14. The provisions of this Order, insofar as they restrict the disclosure, communication of, and use of CONFIDENTIAL Information, shall continue to be binding after the conclusion of this action.

SO ORDERED. This 3rd day of June 2021

_____
KIMBERLY A. SWANK
United States Magistrate Judge

WE CONSENT:

| | |
|---|---|
| OSBORN GAMBALE BECKLEY & BUDD PLLC | SMITH, ANDERSON, BLOUNT, DORSETT, MITCHELL & JERNIGAN, LLP |
| /s/ Joseph D. Budd<br>Joseph D. Budd<br>N.C. State Bar No. 44263<br>joe@counselcarolina.com<br>Matthew R. Gambale<br>N.C. State Bar No. 43359<br>matt@counselcarolina.com<br>3801 Lake Boone Trail, Ste. 400<br>Raleigh, NC 27607<br>Telephone: (919) 373-6422<br>Facsimile: (919) 578-3733 | /s/ Kerry A. Shad<br>Kerry A. Shad<br>N.C. State Bar No. 18410<br>kshad@smithlaw.com<br>David R. Ortiz<br>N.C. State Bar No. 55891<br>dortiz@smithlaw.com<br>Post Office Box 2611<br>Raleigh, North Carolina 27602-2611<br>Telephone: (919) 821-1220<br>Facsimile: (919) 821-6800 |
| *Attorneys for Plaintiff Alfreda Warren* | *Attorneys for Defendant WakeMed* |

<u>EXHIBIT A</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DISTRICT
Civil Action No. 5:20-cv-00689-D

| | |
|---|---|
| ALFREDA WARREN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **DECLARATION OF** _____ |
| WAKEMED D/B/A/ WAKEMED HEALTH & HOSPITALS, | ) |
| | ) |
| Defendant. | ) |

1. My name is _____. I have personal knowledge of the facts set forth in this Declaration, and if called and sworn as a witness, I would testify competently to those facts.

2. I live at:_____.

3. I am employed as (state position):_____.

4. The full name and address of my employer is:_____
_____
_____

5. I am aware that a Consent Protective Order ("Protective Order") has been entered in the case of *Warren v. WakeMed d/b/a WakeMed Health & Hosps.*, in the United States District Court for the Eastern District of North Carolina ("Court"). A copy of that Protective Order has been given to me. I have carefully reviewed its terms and conditions.

6. I agree that documents, information, testimony, and tangible things ("Information") designated as CONFIDENTIAL shall be subject to the terms of the Protective Order and agree to comply with and be bound by the terms of the Protective Order.

7. Without limiting the foregoing, I agree that I will not disclose or discuss any Information designated CONFIDENTIAL except as allowed by Protective Order.

8. I agree to use any Information designated CONFIDENTIAL solely in connection with participation in this action and for no other purpose.

9. I am aware that contempt sanctions may be entered against me for violation of the Protective Order.

10. I waive any objections to the exercise of personal jurisdiction over me by the Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing declaration is true and correct.

Executed this \_\_\_\_ day of _____, _____.

_____
Signature